**Jerry MONTANO, Jr., Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden, Respondent–Appellee.**

No. 05–15783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Sept. 22, 2006.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Neil Rosenbaum, Esq., Jerry Montano, Jr., San Francisco, CA, for Petitioner–Appellant.

Stan M. Helfman, Esq., San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

* The Honorable David G. Trager, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation.

## MEMORANDUM **

Jerry Montano, Jr. appeals from an order issued by the District Court for the Northern District of California denying his petition for a writ of habeas corpus. Montano argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253 and affirm the district court's denial of his petition for a writ of habeas corpus.

Given the parties' familiarity with the facts, we do not recount them in detail here. Montano suffered a felony conviction for possession of 0.07 grams of methamphetamine. His criminal record included two prior convictions that counted as strikes for Three Strikes purposes: a 1986 residential burglary conviction and a 1990 conviction with a deadly weapon. The state court sentenced Montano to a prison term of 25 years to life under California's Three Strikes law.

We review *de novo* a district court's denial of a habeas petition. *Reyes v. Brown,* 399 F.3d 964, 966 (9th Cir.2005). Montano is entitled to habeas relief if the California Court of Appeal's decision regarding his Eighth Amendment claim was "contrary to, or involved an unreasonable application of, clearly established federal law." *See* 28 U.S.C. § 2254(d)(1). The "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle." *Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). This principle requires a reviewing court to decide whether the harshness of a particular punishment gives rise to "an inference of gross dispro-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

portionality" vis-àvis the nature of the crime for which a defendant has been sentenced. *Harmelin v. Michigan,* 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). "[S]uccessful challenges to the proportionality of particular sentences should be exceedingly rare." *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

We affirm the district court's order. Although the state of California's sentencing policy under Three Strikes may be not only inhumane but also misguided, under Supreme Court precedent, the facts of this case do not give rise to an inference of gross disproportionality. Montano's triggering offense is a drug offense that a state legislature may make the basis for an extended sentence. *See Hutto,* 454 U.S. at 371–72, 102 S.Ct. 703 (upholding a 40–year sentence for a first-time offender convicted of possessing, with intent to distribute, nine ounces of marijuana). Unlike the criminal histories in cases in which a sentence has been overturned as grossly disproportionate, Montano's past strikes were crimes of violence. *Cf. Solem v. Helm,* 463 U.S. 277, 297, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) ("all [of Helm's convictions] were nonviolent and none was a crime against a person"); *Ramirez v. Castro,* 365 F.3d 755, 768 (9th Cir.2004) (Ramirez's strikes "were nonviolent in nature").

We affirm the district court's holding that the California Court of Appeal's rejection of Montano's claim was not an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See Andrade,* 538 U.S. at 77, 123 S.Ct. 1166 (denying habeas relief to a repeat offender whose triggering offense was theft of videotapes worth approximately $150). The state court cited applicable Supreme Court precedent and analyzed Montano's current

offense and strike convictions. The district court is therefore

**AFFIRMED.**